Opinion issued August 31, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00686-CR

————————————

## MELISSA LUERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1583162

## MEMORANDUM OPINION

Appellant, Melissa Luera, pleaded guilty to the third-degree felony offense of driving while intoxicated—third offense, with an agreed punishment recommendation of ten years' confinement probated for four years, with ten days'

confinement in county jail.[1]  In accordance with her plea bargain with the State, the trial court found appellant guilty and assessed her punishment at ten years' confinement probated for four years, with ten days' confinement in county jail on June 26, 2018.[2]  The trial court certified that this was a plea-bargained case and that appellant had no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant timely filed a pro se notice of appeal and was appointed counsel.[3]  *See* TEX. R. APP. P. 26.2(a)(1).  We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification stated that this was a plea-bargained case and that appellant had no right of appeal, and the trial court did not give its

---

[1]  *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West 2011).

[2]  *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2011).

[3]  On August 2, 2018, the trial court signed a judgment nunc pro tunc correcting the judgment to the extent that appellant's pleas to the first and second enhancement paragraphs were incorrectly marked true when they should have been marked as not applicable.

permission to appeal any matters.  *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615.  The clerk's record, filed in this Court including the plea waiver, supports the trial court's certification.  *See Dears*, 154 S.W.3d at 615.  Because appellant has no right of appeal, we must dismiss this appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).